I agree with the majority that the father's contacts with Alabama were insufficient to sustain the trial court's assertion of personal jurisdiction over the father. I write specially to note that the wife, in filing her petition for divorce, sought custody of the children and an award of child support. Alabama adopted a version of the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA") in 2000. See §30-3B-101, Ala. Code 1975. The UCCJEA sets out the criteria for deciding which state has authority to determine custody initially and to modify a prior determination. The Uniform Interstate Family Support Act ("UIFSA") controls child support and the Alabama Legislature adopted a version of the Act in 1997; it is set out at § 30-3A-101, et seq.
Under the UCCJEA, it is not necessary for a court to obtain personal jurisdiction over both parents in order for the court to issue a valid child-custody order. In an initial proceeding, the state where a parent and the child have lived for the six months preceding the filing of the initial custody action may address custody even if the other parent lacks minimum contacts with the state. "Home state jurisdiction" under the UCCJEA considers child custody as a status determination not requiring minimum contacts over the defendant. See Official Comment to §30-3B-102. Similarly, a spouse can obtain a binding divorce wherever that spouse is domiciled without the other spouse's being present because
 "each state as a sovereign has a rightful and legitimate concern in the marital status of persons domiciled within its borders. . . .Thus it is plain that each state, by virtue of its command over its domiciliaries and its large interest in the institution of marriage, can alter within its own borders the marriage status of the spouse domiciled there, even though the other spouse is absent."
Williams v. North Carolina, 317 U.S. 287, 298-99 (1942). In Shaffer v.Heitner, 433 U.S. 186, 208 n. 30 (1977), the United States Supreme Court recognized status determinations as an exception to the minimum contacts requirement of International Shoe Co. v. Washington, 326 U.S. 310
(1945). However, Alabama did not adopt home-state jurisdiction with regard to personal jurisdiction. Alabama Comment to § 30-3B-201
(Alabama continues its long-standing practice of requiring personal jurisdiction over the defendant/parent in a child-custody determination).
A defendant/parent's obligation to pay child support requires that the defendant have minimum contacts with the forum state. Kulko v. SuperiorCourt of California, 436 U.S. 84 (1978). Both the UIFSA and Alabama's version of that uniform law require personal jurisdiction over the obligor/parent before a binding child-support order can be entered.
The conflict in the UCCJEA and the UIFSA's personal jurisdiction sections have resulted in separate trials of support and custody issues in different states. See In re Marriage of Abu-Dalbouh, 547 N.W.2d 700
(Minn.App. 1996). Alabama has avoided this by requiring personal jurisdiction over the defendant/parent in any *Page 377 
event. However, focusing solely on minimum contacts in the context of the parent-child relationship seems to ignore the fundamental nature of that relationship.
 "The connection to one's child is not transactional in nature. It is not defined by the terms of an agreement or rules of liability, and it does not exist in relation to a particular state. Rather, that connection and the obligations arising from it are personal and enduring and cannot be avoided by crossing a state line."
Rosemarie T. Ring, Personal Jurisdiction and Child Support: Establishingthe Parent-Child Relationship as Minimum Contacts, 89 Cal. L. Rev. 1125, 1163 (July 2001) (recognizing that Kulko would have to be overruled in order to obligate a defendant/parent to pay child support in a state where there were insufficient minimum contacts); see also Carol S. Bruch, Statutory Reform of Constitutional Doctrine: FittingInternational Shoe to Family Law, 28 U.C. Davis L. Rev. 1047 (1995); and David J. Benson, Can a Case Be Made for the Use of the Uniform Child CustodyJurisdiction Act in Child Support Determinations?, 26 Gonz. L. Rev. 125 (1990-1991).